**Howard E. BECKLER, Petitioner-Appellant,**

v.

**SUPERIOR COURT, LOS ANGELES COUNTY, Respondent-Appellee;**

**People of the State of California, Real Party in Interest.**

No. 77–3263.

United States Court of Appeals, Ninth Circuit.

Jan. 26, 1978.

Howard E. Beckler, of Beckler & Stevens, Hollywood, Cal., for petitioner-appellant.

Sterling S. Suga, Los Angeles, Cal., for respondent-appellee.

Before WRIGHT, KENNEDY and HUG, Circuit Judges.

HUG, Circuit Judge:

This is an appeal from a denial by the United States District Court, Central District of California, of a petition for a writ of habeas corpus by attorney Howard E. Beckler. A subpoena was served on attorney Beckler, commanding him to appear before the Grand Jury of the County of Los Angeles, State of California, and to bring with him the documents described in the subpoena as follows: "Original and photocopy business and accounting records of an import/export business operated by Robert Faro and others. Said records were delivered to your office on June 23, 1976."

These records had earlier been shown to a state investigator and thereafter had been delivered in a sealed box by Faro to his attorney, Beckler. Attorney Beckler appeared at the appointed time, but did not produce the records and refused to do so. The Superior Court found him in contempt. Relief was denied by the Court of Appeals for the State of California for the Second Appellate District and the California Supreme Court.

■ Attorney Beckler contends that the subpoena requiring the production of the records violates the privilege against self-incrimination of his client, Robert Faro. That privilege is guaranteed by the Fifth Amendment of the United States Constitution and is made applicable to the states by the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). At the outset, it should be noted that if these documents are privileged in the hands of attorney Beckler, it results from an attorney-client privilege; it does not result from a Fifth Amendment privilege against self-incrimination which the client may enjoy. The client's Fifth Amendment privilege is not violated by enforcement of a subpoena directed toward his attorney. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Osborn*, 561 F.2d 1334 (9th Cir. 1977).

The United States Supreme Court in *Fisher, supra*, 425 U.S. 397, 96 S.Ct. 1574, clearly announced:

"The taxpayers' Fifth Amendment privilege is therefore not violated by enforcement of the summonses directed toward their attorneys. This is true wheth-er or not the Amendment would have barred a subpoena directing the taxpayer to produce the documents while they were in his hands.

"The fact that the attorneys are agents of the taxpayers does not change this result." [1]

■ The United States Supreme Court in *Fisher, supra*, did find that under the evidentiary rules applicable to the Federal courts, the attorney-client privilege applies to documents in the hands of an attorney which would have been privileged in the hands of the client by reason of the Fifth Amendment. There is no holding, however, that this attorney-client privilege, applicable under the Federal evidentiary rules, assumes Constitutional dimensions.[2]

Therefore, in accordance with *Fisher, supra*, in order for attorney Beckler to establish that he is privileged from producing the records, he cannot rely upon the client's Fifth Amendment privilege, but must establish that the records are privileged under the attorney-client privilege. This being a proceeding before a state court, however, the attorney-client privilege is a matter of state law, for determination by the California courts. It is not a matter of Constitutional law under the Fifth Amendment.

The inquiry of this Court is limited to the Federal question presented by the claim of a Fifth Amendment privilege against self-incrimination. No claim has been raised under the Sixth Amendment that there is a Constitutionally-protected attorney-client privilege in issue. The petitioner himself has conceded that production of the documents will not infringe on an attorney-

---

1. The Supreme Court, in emphasizing the fact that attorneys cannot exercise the privilege of their clients by virtue of the agency principle, cited *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). In that case the accountant in possession of the documents was the agent of the taxpayer, but it was held that the Fifth Amendment rights of the client were not violated by the enforcement of a documentary summons directed to the accountant.

2. *Fisher v. United States, supra*, does incorporate a test for the proper assertion of the attor-ney-client privilege by the attorney under the Federal evidentiary rules. That test involves an evaluation of whether the client would have a Fifth Amendment privilege were the documents still in his hands. Although the Court thus made *reference* to a Fifth Amendment Constitutional standard to determine the extent of the attorney-client privilege under the Federal evidentiary rules, this differs from stating that such an interpretation of the attorney-client privilege is Constitutionally compelled by the Fifth Amendment.

client confidence or invade his work product.[3]

It is further quite obvious that attorney Beckler is not asserting his own Fifth Amendment privilege, since he clearly is not being compelled to be a witness against himself.

Neither is this a situation in which the attorney's advice to a client in the exercise of the client's Fifth Amendment privilege falls within the ambit of the Fifth Amendment protection, such as in *Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1974).[4]

Since the client's Fifth Amendment privilege may not be here invoked by Beckler, under the doctrine of *Fisher v. United States, supra*, and since the Fifth Amendment privilege of Beckler himself is clearly not involved, we find that the order of the Superior Court does not violate the Constitution or laws or treaties of the United States and the order denying the writ of habeas corpus is affirmed. The order previously issued by this Court to stay the execution of the sentence imposed by the Superior Court of the State of California is vacated and the mandate shall issue forthwith.

KENNEDY, Circuit Judge, concurs in the result.

---

3. We note that certain basic elements of the attorney-client privilege which involve private consultation by a criminal defendant with his attorney could be so vital to the effective assistance of counsel as to be protected by the Sixth Amendment as made applicable to state proceedings by the Fourteenth Amendment. The majority opinion in *Maness v. Meyers*, 419 U.S. 449, 466, footnote 15, 95 S.Ct. 584, 42 L.Ed.2d 574, however, indicates that the Supreme Court has never identified such a Constitutionally-protected attorney-client privilege.

4. This case should be distinguished from the *Maness* case, *supra*, where an attorney, during the course of a trial, advised his client to assert his Fifth Amendment privilege in response to an order of the trial court for the client to produce documents. The Supreme Court held that the client in that instance may risk contempt for failure to comply, but the attorney may not be convicted of contempt for rendering his advice in good faith prior to an opportunity for appellate review. The Court stated that the advice of an attorney to a client in the exercise of the client's Fifth Amendment privilege is an integral part of the protection accorded to the client by the Fifth Amendment.

In the case at hand, however, attorney Beckler himself is in possession of the documents and it is the attorney who is ordered to produce them after appellate review by the state courts. Under the *Fisher* case, *supra*, it is the attorney-client privilege which is in issue and not the Fifth Amendment privilege.