## OKC CORPORATION, Plaintiff-Appellant,

v.

## Harold M. WILLIAMS et al., Defendants-Appellees.

### Nos. 79–1459, 79–1580.

United States Court of Appeals, Fifth Circuit.

March 19, 1980.

Rehearing and Rehearing En Banc Denied May 30, 1980.
See 617 F.2d 1207.

---

See also D.C., 461 F.Supp. 540.

Ford, Marrin, Esposito, Witmeyer & Bergman, Richard Burke Marrin, New York City, Robert A. Miller, Gen. Counsel, OKC Corp., G. Scott Damuth, Dallas, Tex., for plaintiff-appellant in 79–1459.

James H. Schropp, Asst. Gen. Counsel, Paul Gonson, Assoc. Gen. Counsel, S. E. C., Washington, D. C., for defendants-appellees in both cases.

Julie Allecta, John P. Sweeney, Attys., S. E. C., Washington, D. C., for defendants-appellees in 79–1459.

Arthur Mitchell, Dallas, Tex., John J. Witmeyer, New York City, for plaintiff-appellant in both cases.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

GODBOLD, Circuit Judge:

This is a dispute over the use by the Securities and Exchange Commission of a report concerning internal affairs of a corporation prepared by a law firm at the request of the corporate board of directors.

In July 1977 members of the board of OKC, a publicly held company listed on the New York Stock Exchange, brought to the board allegations of mismanagement and improper use of corporate funds by the company's chief executive officer. The board appointed a committee to investigate, and the committee retained a Dallas, Texas law firm to assist in the investigation. The firm prepared and distributed to all members of the board a report marked "Privileged and Confidential—Not for Distribution." One director, however, turned his copy over to an employee of the company who permitted it to be circulated among other employees and former employees. A former employee made a copy of this copy available to the federal Department of Energy, which was investigating OKC's oil pricing and oil brokerage practices. Later another copy was given by an OKC employee to the SEC. After reviewing the report the Commission initiated an investigation of OKC.[1]

On August 15, 1978, OKC brought this suit against the SEC, the five members of the SEC, and employees of the Commission, seeking to enjoin the investigation and claiming $15 million damages from Commission employees. OKC asserted that the report was privileged, that the investigation was based on it, and that DOE and SEC had obtained the copies that came into their hands in violation of OKC's rights under the Fourth and Fifth Amendments to the Constitution. OKC asserted numerous other claims that we need not discuss. *See* *OKC v. Williams*, 461 F.Supp. 540 (N.D.Tex.

---

1. Commenced by order entered March 27, 1978, *In the Matter of OKC Corp.*, authorizing the Commission's staff to investigate possible violations of the SEC Act of 1934 and Commission rules thereunder.

1978).[2]  SEC agreed to hold up its investigation pending decision by the district court concerning the report.

In November 1978 the district court entered the order published at 461 F.Supp. 540.  Many of OKC's claims were dismissed.[3]  The court bifurcated the remainder of the case into Phase I, concerning the SEC's receipt of the report, and Phase II, the issues remaining alive after Phase I had been resolved.  The parties proceeded with discovery that was massive in scope and included, as the court described it, "testimony from virtually any person in government in any manner connected to [the central] facts."

In an order entered February 3, 1979, *OKC Corp. v. Williams,* (N.D.Tex.), the court, addressing the Fourth Amendment issues, granted partial summary judgment for the Commission on Phase I.  In Part I of this order the court considered whether there had been a "private party taking" of the report in which the federal government so participated or was implicated that the intrusion violated OKC's Fourth Amendment rights.  *See Lustig v. U. S.,* 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949); *Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *U. S. v. Mekjian,* 505 F.2d 1320 (5th Cir. 1975).  The court found that there had been no private party taking.  In Part II of the February 3 order the court held that there was no issue of fact concerning either SEC participation in the alleged "taking" of

the report or any SEC link with DOE that might taint the SEC with any involvement that DOE might have.

The court, however, reconsidered the February 3 order and, on February 22, issued another order.  *OKC Corp. v. Williams* (N.D.Tex.1979).  It concluded that the constitutional issues implicated in Part I of the February 3 order had not been necessary to its decision and should be pretermitted.  It reaffirmed Part II of the February 3 order and set out in more detail the underpinnings for its conclusion that there were no disputed material issues of fact concerning the SEC's participation in obtaining the report or a link between the SEC and DOE that tainted the delivery of the report to the SEC.  It is this summary judgment issue, and this alone, that is before us for review.[4]

We agree with the district court that there were no genuine issues of disputed fact concerning SEC participation in the alleged private party taking, either directly or by linkage with DOE.  In neither brief nor oral argument has OKC pointed to such fact issues.[5]

OKC makes an alternative contention that DOE obtained the report illegally and that even if the SEC was not involved the Commission may not use the report, on the ground that if there is an illegal seizure or taking by one agency of the federal government the fruits may not be used by any agency of the federal government.[6]  The argument reaches beyond the partial sum-

**2.**  This suit is only one aspect of litigation between OKC and the SEC in several courts.

**3.**  OKC has not appealed from this order.

**4.**  The district court has not entered a certificate under Fed.R.Civ.P. 54(b).  We conclude, however, that we have jurisdiction of this appeal under 28 U.S.C. § 1292(a)(1) (1976), because the order of February 3, as amended by the order of February 22, denied OKC's request for an injunction.

**5.**  On June 8, 1979, while this appeal was pending and before it was orally argued, the same district court decided an action brought by the SEC to enforce a subpoena against OKC.  *SEC v. OKC Corp.,* 474 F.Supp. 1031 (N.D.Tex. 1979).  In that proceeding OKC contended that its Fourth Amendment rights had been violated.  The court held *inter alia,* that there was "no nexus whatsoever between the DOE's in-

ducement [of an OKC employee to give DOE a copy of the report] and the SEC's eventual possession of the report."  *Id.* at 1040.  Rather, the court found, OKC employees decided on their own and without governmental solicitation to give a copy to SEC, and independently and without knowledge that SEC would receive a copy, the DOE employee convinced the OKC employees to supply his agency with a copy. *Id.*  Notice of appeal was filed and that case is now pending in this court.  *SEC v. OKC Corp.,* No. 79–2427 (5th Cir., filed June 14, 1979).

**6.**  This argument seeking to apply the exclusionary rule government-wide was made to the district court in the subpoena enforcement proceeding, n. 5, *supra.*  There the court held that the facts of the case did not give rise to application of the exclusionary rule.  474 F.Supp. at 1040.

mary judgment and is prematurely addressed to us. The February 23 order did not determine whether there had been a private party taking at all or merely use and disposition of the report by corporate personnel who were authorized (or at least not forbidden) to act as they did, nor did it reach any conclusions with respect to participation by DOE employees.

Because the procedural posture of this appeal is confusing, we summarize. The issue for decision is whether the partial summary judgment entered in Part II of the February 3 order and reaffirmed in the February 22 order was erroneously entered. We hold that it was not, because there were no genuine issues of disputed fact concerning SEC participation in the alleged private party taking, either directly or by linkage with DOE. We do not reach OKC's alternative contention that the exclusionary rule bars use of the report by the SEC even if the SEC did not participate directly or by linkage with DOE in DOE's obtaining a copy.

AFFIRMED.