**L. T. BRADT, Plaintiff–Appellant,**

v.

**Honorable Shearn SMITH et al., Defendants–Appellees.**

**No. 80–1461**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.
Unit A

Jan. 19, 1981.

Rehearing Denied Feb. 18, 1981.

Joe A. Izen, Jr., Houston, Tex., for plaintiff–appellant.

John B. Bible, Houston, Tex., pro se.

Richard A. Sheehy, Houston, Tex., for Tom Alexander and Butler, Binion, Rice, Cook & Knapp.

Nancy Simonson, Asst. Atty. Gen., Austin, Tex., for the Honorable Shearn Smith.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

This is an appeal from a judgment dismissing the plaintiff's action for damages and injunctive relief under 42 U.S.C. §§ 1983, 1985(2)–(3), and 1986 for failure to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6). Because the well–pleaded allegations of the complaint fail to show the deprivation of a federal right as required by § 1983, interference with a federal judicial proceeding as required by § 1985(2), or a racial or class–based discriminatory animus as required by §§ 1985(2)–(3), we conclude that the plaintiff has failed to state a claim upon which relief could be granted under §§ 1983, 1985, or 1986. The order of the court below is AFFIRMED.

*Facts*

L. T. Bradt, a Texas attorney, brought suit in a state district court of Texas to collect legal fees from John B. Bible and John B. Bible & Associates, Inc. During the course of that action the state trial judge, the Honorable Shearn Smith, ordered the production of certain documents, including client files, for inspection by Bible and his attorneys. Bradt produced ten of these files, but refused further compliance. On October 9, 1978, Judge Smith cited Bradt for contempt and ordered the production of the remainder of the files on the following day. Instead of complying, Bradt filed a petition for removal of the contempt action to the United States District Court for the Southern District of Texas,[1] pursuant to 28 U.S.C. § 1441. Judge Smith then admitted into the evidence the ten files produced earlier by Bradt.

Following the remand of the case to state court, Bradt filed this action in the Southern District of Texas under 42 U.S.C. §§ 1983, 1985(2)–(3), and 1986, seeking damages and injunctive relief against Judge Smith, the defendants Bible and John B. Bible & Associates, Inc., and the defendants' attorneys, Tom Alexander and the Houston law firm of Butler, Binion, Rice, Cook & Knapp.

On motion of the defendants, the action was dismissed for failure to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6). The district court based its order on the following grounds:

(1) The doctrine of judicial immunity barred recovery in damages against Judge Smith under §§ 1983, 1985, and 1986;

(2) Judge Smith's immunity prevented any acts in concert with him by the private defendants from constituting the state action required by § 1983;

(3) Bradt stated no right, privilege, or immunity secured by the Constitution or laws of the United States of which he was deprived;

1. The petition for removal, and the disposition of the removed action by the United States District Court, are not included in the record of this case before us on appeal.

(4) Bradt failed to allege a racial or class–based animus on the part of the defendants as is required by §§ 1985 and 1986;

(5) Injunctive relief would be inappropriate under federal abstention doctrines.

From the order of the district court Bradt brings this appeal, urging several points of error,[2] including that the district court erred in granting the defendants' motion to dismiss without affording Bradt the opportunity to prove the facts alleged in his complaint.

We need not address the particular points of error raised by the appellant in his brief; for the well–pleaded allegations of the complaint, taken as true, fail to show: the deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States as required by 42 U.S.C. § 1983; a nexus with a federal judicial proceeding as required by 42 U.S.C. § 1985(2); or a racial or class–based invidiously discriminatory animus as required by 42 U.S.C. § 1985(2)–(3).[3] Accordingly, we affirm the judgment of the district court dismissing this suit.

## I

42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any *rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Italics ours).

In order to state a claim upon which relief can be granted under § 1983, the complaint must show the deprivation of a right that is secured by the Constitution or laws of the United States. *Martinez v. California*, 444 U.S. 277, 283, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980); *Baker v. McCollan*, 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). An examination of the amended complaint in the action below leads us to the conclusion that Bradt has failed to meet this threshold requirement.

As best we can determine from the record, Bradt appears to assert the deprivation of his work–product immunity, his attorney–client privilege, and his privilege against self–incrimination. We need not dwell long on these assertions.

Bradt argues that the immunity accorded to an attorney's work–product by the federal sovereign is an immunity secured by the ninth amendment, and made binding on the states through the fourteenth amendment, to the Constitution of the United States. R.I: 66–69. Our research uncovers no authority, and we are cited to none, that would support that proposition. The work–product immunity asserted by Bradt as a federal right is embodied, as a *federal* right, in the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26(b)(3). Those Rules do not, however, govern practice and procedure before the courts of the several states. *Rader v. Baltimore & O.R. Co.*, 108 F.2d 980, 986 (7th Cir.), *cert. denied*, 309 U.S. 682, 60 S.Ct. 722, 84 L.Ed.2d 1026 (1940); *see* Fed.R.Civ.P. 1. The reach of discovery in the context of a

**2.** The appellees characterize Bradt's arguments on appeal as an abandonment of his contentions under §§ 1985 and 1986. *See* Brief for Appellee Smith, at 5 n.1; Brief for Appellees Alexander, *et al.*, at 2 n.1. We do not share that view. Bradt urges that the district court erred in dismissing his action without affording him the opportunity to prove the factual allegations of his complaint. That contention is more than a procedural challenge. *See* Brief for Appellees Alexander, *et al.*, at 5–6. In essence, Bradt is urging that his complaint does, in fact, state a claim upon which relief could be granted, and that the district court's summary disposition of his action was therefore in error. To our eye, this assertion encompasses the whole of the complaint below, including the contentions under §§ 1985 and 1986.

**3.** In terms, 42 U.S.C. § 1986 requires the existence of a valid claim under § 1985. Thus, the § 1986 contentions are foreclosed by the absence of the prerequisites for a valid claim under § 1985. See Part III of this opinion, below.

civil action brought in the state district courts of Texas is defined by the law of Texas, and the immunity accorded to Bradt's work–product in that context is a creature of Texas law. As such, it is not a right, privilege, or immunity secured by the Constitution or laws of the United States, and is therefore not cognizable under § 1983. *Cf. Martinez v. California, supra.*

■■■ Similarly, insofar as it arises in the context of litigation before the courts of the several states, the attorney–client privilege constitutes an evidentiary privilege that is secured by *state* law, and not by the Constitution or laws of the United States.[4] *Beckler v. Superior Court of Los Angeles County,* 568 F.2d 661, 662 & n.2 (9th Cir. 1978); *OKC Corp. v. Williams,* 461 F.Supp. 540, 546 (N.D.Tex.1978). *Cf. Maness v. Meyers,* 419 U.S. 449, 464 n.15, 95 S.Ct. 584, 595 n.15, 42 L.Ed.2d 574 (1975). As a creature of state law, the attorney–client privilege cannot be asserted as a basis for recovery under § 1983.

■■■ Unlike the work–product immunity and the attorney–client privilege discussed above, the fifth amendment privilege against compulsory self–incrimination *is* a creature of federal law secured by the Constitution of the United States, and if abridged under appropriate circumstances it may indeed support a claim under § 1983. In terms, the fifth amendment provides a testimonial privilege that protects an individual from being compelled to bear witness against himself in a criminal proceeding. It is clear from the record on appeal, however, that Bradt was not subjected to such compulsion. The record shows that Bradt was compelled under threat of criminal contempt citation to produce certain client files belonging to the law firm of Minns, Izen, Bradt & Associates, a professional corporation of Texas. Bradt does not allege that the contents of those records could be used against him in a criminal proceeding, or

could lead to other evidence that might be so used; at most he suggests that his failure to produce the law corporation client files in accordance with the discovery order will subject him to criminal contempt penalties. Thus, no reading of the facts as delineated in Bradt's amended complaint, his brief to the district court, or his brief to this court on appeal, could lead to the conclusion that a deprivation of his fifth amendment privilege has occurred. *See Fisher v. United States,* 425 U.S. 391, 401–02, 96 S.Ct. 1569, 1576, 48 L.Ed.2d 39 (1976); *Maness v. Meyers,* 419 U.S. at 458–68, 95 S.Ct. at 591–96; *Bellis v. United States,* 417 U.S. 85, 88–94, 94 S.Ct. 2179, 2183–86, 40 L.Ed.2d 678 (1974).

We therefore conclude that the amended complaint has failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983.

## II

42 U.S.C. § 1985 provides, generally, that in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

### A.

Two broad categories of conspiracies are described in § 1985(2). *Brawer v. Horowitz,* 535 F.2d 830, 839–40 (3d Cir. 1976). The first four clauses of § 1985(2) describe conspiracies that are designed to obstruct the course of justice in the federal judicial sys-

---

**4.** We do not hold that the attorney–client privilege can never assume constitutional significance. As the cases cited in the text above make clear, it can, and sometimes does. *See also Fisher v. United States,* 425 U.S. 391, 402– 05, 96 S.Ct. 1569, 1576–78, 48 L.Ed.2d 39 (1976). Here, however, in the context of a civil action in state court, it does not. *Beckler v. Superior Court of Los Angeles County,* 568 F.2d at 662, 663 n.3.

tem.[5] *Id.* The last two clauses of § 1985(2) describe conspiracies designed to interfere with the equal protection of the laws.[6] *Id.*

██ Because the first four clauses of § 1985(2) refer to conspiracies that are designed to obstruct the course of justice "in any court of the United States," plaintiffs seeking to recover under those clauses must show a nexus between the alleged conspiracy and a proceeding in federal court. *Id.* Because the last two clauses of § 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights, plaintiffs seeking to recover under those clauses must show a racial or otherwise class–based discriminatory animus. *Slavin v. Curry,* 574 F.2d 1256, 1262 (5th Cir.), *modified,* 583 F.2d 779 (5th Cir. 1978) (rehearing *en banc* denied); *Brawer v. Horowitz,* 535 F.2d at 840.

██ The amended complaint in the case before us meets neither requirement. No nexus whatsoever is shown between the alleged conspiracy and any federal proceeding. Nor does the complaint allege, or show facts sufficient to suggest, a racial or class–based invidiously discriminatory animus behind the actions complained of.

We conclude that the amended complaint has failed to state a claim upon which relief could be granted under 42 U.S.C. § 1985(2).

### B.

Insofar as it is relevant to the case before us on appeal, 42 U.S.C. § 1985(3) identifies yet another category of conspiracies designed to deny the equal protection of the laws:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . .

██ Because it addresses equal protection concerns, § 1985(3) requires, as an element of the cause of action, a racial or otherwise class–based invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge,* 403 U.S. 88, 96–103, 91 S.Ct. 1790, 1795–98, 29 L.Ed.2d 338 (1971). As we have noted above, no such animus is shown in the present case.

For this reason, we conclude that the amended complaint has failed to state a claim upon which relief could be granted under 42 U.S.C. § 1985(3).

### III

42 U.S.C. § 1986 extends liability in damages to those persons "who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid in preventing the commission of the same, [neglect or refuse] so to do . . . ."

This section on its face requires the existence of a valid claim under § 1985. *Hamil-*

---

**5.** 42 U.S.C. § 1985(2) provides, in part:

> If two or more persons in any state or territory conspire [A] to deter by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or [B] to injure such party or witness in his person or property on account of his having so attended or testified, or [C] to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or [D] to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by

him, or of his being or having been such juror . . . .

**6.** § 1985(2) continues:

> [E] [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen equal protection of the laws, or [F] to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person or class of persons, to the equal protection of the laws . . . .

*ton v. Chaffin*, 506 F.2d 904, 913–14 (5th Cir. 1975). As is shown in Part II of this opinion, no such claim exists. Thus, the amended complaint has failed to state a claim upon which relief could be granted under 42 U.S.C. § 1986.

For these reasons, the order of the court below dismissing the appellant's complaint for failure to state a claim upon which relief could be granted is AFFIRMED.