**In re DAYCO CORPORATION DERIVATIVE SECURITIES LITIGATION.**

**S.C. BLUMBERG, et al., Plaintiffs,**

**v.**

**Richard J. JACOBS, et al., Defendants.**

**Nos. C–3–82–184, C–3–82–254, C–3–82–324, C–3–82–329 and C–3–82–405.**

United States District Court,
S.D. Ohio, W.D.

March 29, 1984.

See also 102 F.R.D. 468 and 102 F.R.D. 624.

Douglas G. Cole, Cincinnati, Ohio, Ira Rubin, Dayton, Ohio, for plaintiff Heist.

Richard Greenfield, Donald B. Lewis, Bala Cynwyd, Pa., Henry S. Ruth, Jr., Philadelphia, Pa., for plaintiff Blumburg.

Gene Mesh, Cincinnati, Ohio, Robert Stull, Jules Brody, New York City, for plaintiff Efros.

James Fornari, William Jarblum, New York City, Dermot G. Foley, New York City, for plaintiff Purcell.

James K. Robinson, Detroit, Mich., Denis Daley, Dayton, Ohio, for defendant Dayco Corp.

Howard Schiffman, Sidney Dickstein, Washington, D.C., for defendants Dourlet, Kahn, Wilson, McNeely, Hoffberger, Harris, Guttman, Stoddard, Merrell.

David Greer, Dayton, Ohio, Robert Morvillo, New York City, for defendant Gordon.

Jacob K. Stein, Cincinnati, Ohio, for defendant Jacobs.

Robert G. Stachler, Cincinnati, Ohio, for defendant Ernst and Whinney.

Barry P. Reich, Springfield, Ohio, Jed S. Rakoff, John L. Altieri, Jr., New York City, for defendant Curry.

Norman Ostrow, New York City, for defendant Jackson.

Shea & Gould, New York City, for defendants Foreign Transactions Corp., Trachem Co. Ltd., Edith Reich, Edith Reich as Executrix of Estate of Jacob Reich, Brigette Jossemkumpt, Judith Reich, Michael Reich.

## DECISION AND ENTRY SUSTAINING IN PART, AND OVERRULING IN PART, PLAINTIFF'S MOTION TO COMPEL DISCOVERY

RICE, District Judge.

Class Plaintiff Blumberg, named Plaintiff in one of the four consolidated *Dayco* cases, moves (doc. # 144) for an Order compelling Defendants to provide complete answers to Interrogatories Nos. 1–6 and Document Requests 1–2, of Plaintiff's Third Set of Combined Interrogatories and Document Requests. For the following reasons, the Court holds that Defendants should answer certain *modified* interrogatories. At this time, the Document Requests need not be answered. Therefore, the pending motion is sustained in part and overruled in part.

One of the charges alleged by Plaintiffs in the consolidated cases is that the Dayco Board of Directors and certain others knew or should have known of the (alleged) efforts of Mrs. Edith Reich to defraud Dayco, by her receipt of millions of dollars in commissions from Dayco for non-existent contracts with the Soviet Union. *See* 99 F.R.D. 616, 618 (S.D.Ohio 1983) (decision on earlier discovery motions). In an effort to obtain discovery on that issue, Plaintiff Blumberg filed the interrogatories and document requests in question. Those interrogatories ask for Defendants to list every occasion on which they had oral and written communications with counsel, between July 1, 1979, and December 6, 1981, concerning:

(i) the procedures by which contracts with purported Soviet purchasers should be or were negotiated or drafted; (ii) the existence of or validity of purported contracts with purported Soviet purchasers; (iii) the manner in which Dayco Corporation ("Dayco") or its representative did or should proceed in an effort to collect sums purportedly due to Dayco or to its agent Foreign Transactions Corporation ("FTC") under purported contracts to purported Soviet purchasers; (iv) the possibility that purported contracts with purported Soviet purchasers were in fact non-existent in whole or in part; (v) efforts which could or should be made on behalf of Dayco to ascertain the extent to which purported contracts to purported Soviet purchasers were in fact non-existent.

The attendant document requests ask for all documents identified in the interrogatories, or consulted in preparation for answering the interrogatories.

Defendants have refused to fully answer these interrogatories and document requests, contending that same are "overly broad and unduly burdensome" and "require the disclosure of the substance of attorney-client communications." Plaintiff argues that the interrogatories are not bur-

densome, ask for relevant information, and are not covered by the attorney-client privilege. Even if the privilege does apply, Plaintiff contends that "good cause" exists for discovery, based on the criteria discussed in this Court's earlier decision, 99 F.R.D. at 620.[1] In his latest filing, Defendant Richard J. Jacob suggests something of a compromise on both of the objections Defendants have raised:

> Jacob would agree to answer interrogatories, to the extent his recollection and records would allow, seeking the dates of any consultation between himself and counsel on the more general subject of Foreign Transactions Corporation, Edith Reich or Russian contracts, but not on the more specific sub-categories itemized in Blumberg's Interrogatories.

Jacob's Supplemental Memorandum, doc. # 157, p. 2.

The Court essentially agrees with Jacob that, at least at this point in the litigation, Defendants need only answer interrogatories as modified in accordance with this decision.

Defendants' objections regarding burdensomeness and invasion of the attorney-client privilege are closely interrelated, since they argue that the questions invade the privilege *because* the questions are too specific. Therefore, the Court will discuss both lines of objection together.

■ Plaintiff correctly summarizes the applicable law. Fed.R.Civ.P. 26(b)(1) limits discovery to matters "not privileged." The attorney-client privilege arises when the holder of the privilege is a client, when the client communicates to a lawyer (or vice-versa), and the lawyer is acting in the capacity of a lawyer in connection with the communication. *See,* 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2017 at 133 (1970) [hereinafter cited as Wright & Miller]; *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 358–59 (D.Mass.1950) (Wyzanski, J.). The

burden of establishing the privilege lies with the holder of same. *In re Grand Jury Investigation No. 83–2–5,* 723 F.2d 447, 450 (6th Cir.1983).

■ It is equally settled that certain collateral matters, which do not go to the *substance* of attorney-client communications, are not subject to the privilege and are discoverable. *See, e.g., In re Grand Jury Proceedings (Gordon),* 722 F.2d 303, 308 (6th Cir.1983) (fact of consultation); *United States v. Haddad,* 527 F.2d 537 (6th Cir.1975), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 797 (1976) (amount of fees). *Cf. United States v. Goldfarb,* 328 F.2d 280, 281 (6th Cir.), *cert. denied,* 377 U.S. 976, 84 S.Ct. 1883, 12 L.Ed.2d 746 (1964) (reason for consultation). *See generally,* Wright & Miller at 138 & n. 4; C. McCormick, Evidence § 90 (E. Cleary ed. 1972). Thus, questions calling "for records of dates, places or times of meetings and communications, [but] not the content of those communications," are proper. *In re Grand Jury Proceedings (Twist),* 689 F.2d 1351, 1352 (11th Cir.1982).

In the instant case, Plaintiff insists that it is not going beyond these guidelines. To Defendants' contentions that the interrogatories are comprised of "loaded" or leading questions, Plaintiff replies that Defendants' own conduct have made the questions "loaded." Defendants also observe that written questions, as opposed to questions at a deposition, would seem to be less intrusive, and easier to comply with.

The Court sees some merit in the positions of both Plaintiff and Defendants. Surely, Plaintiff is entitled to discovery on whether or not Defendants consulted with counsel (for the time period in question) concerning Dayco's dealings with Mrs. Reich. Indeed, Defendants do not seriously contend otherwise. That information would be relevant, in the Rule 26(b)(1) sense, to the allegations of misconduct by

---

1. Plaintiff and Jacob have agreed to waive their additional, respective positions that (1) Jacob waived any objections to the interrogatories, and (2) Plaintiff failed to comply with S.D.Ohio R. 4.7.4, governing the resolution of discovery disputes.

Dayco officials concerning the Reich transactions.

■ However, Plaintiff's interrogatories, as they are presently framed, go beyond these limits. Plaintiff does not merely ask whether or not meetings with counsel took place at all under the general heading of the Reich affair. By asking highly detailed, leading questions, Plaintiff *in effect* can obtain the *substance* of the attorney-client communications which might have taken place. "It would be a simple matter to sharpen the question to require greater and greater specificity regarding the matter discussed so as to avoid altogether the effectiveness of the privilege." *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 429, 435 (E.D.Pa.1981) (quoting *Lee National Corp. v. Deramus,* 313 F.Supp. 224, 227 (D.Del.1970)). Two cases cited by Plaintiff do not compel a different result. In both *West-themeco, Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 707 (S.D.N.Y. 1979) and *J.P. Foley & Co. v. Vanderbilt,* 65 F.R.D. 523, 526 (S.D.N.Y.1974), the courts, with little discussion, held that the "subject-matters," but not the "substance," of attorney-client communications were discoverable. This Court reads those decisions as permitting inquiry on the issues of whether consultation took place, and the *general* topics or reasons for the communications. To the extent the decisions can be read as permitting a more particularized inquiry into the communications, this Court, like the *Arthur Treacher* court, 92 F.R.D. at 435, declines to follow same. Thus, the Court agrees with Defendants that they need not answer the interrogatories as same are presently framed.[2]

■ Remaining for determination is how to further proceed, given the present state of the interrogatories. Plaintiff would have the Court decide whether or not the information requested by the interrogatories, even though privileged, is nevertheless discoverable under the "good cause"

standard. *See* 99 F.R.D. at 620 (setting out criteria in applying "good cause" standard). Defendants, presumably, simply wish the Court to overrule the motion and do nothing more. The Court, however, believes that Defendant Jacob suggests the best course. He is willing, as noted above, to answer generalized questions concerning the dates of any and all consultations between himself and counsel, concerning the Reich transactions. Such questions, as outlined above, are entirely proper, and all Defendants will be required to answer same. The Court will leave to Plaintiff's counsel the task of drafting less intrusive questions, or to otherwise settle this discovery dispute within the guidelines of this decision.

To immediately leap to the "good cause" inquiry would, at this time, be premature. *Cf. Arthur Treacher's Franchisee Litigation,* 92 F.R.D. at 435. Once Plaintiff is armed with the answers to the narrowed questions, he may wish to inquire further via interrogatories and/or other discovery channels, and, at that time, seek documents. (It seems premature to require document production before the generalized questions are answered.) If Defendants refuse to further answer, or produce documents, at *that* point, an inquiry into the "good cause" standard could then be appropriate. To immediately apply that standard, however, would (1) not give proper respect to the privilege, and (2) prevent the Court, and counsel, from determining what Defendants are, in fact, willing or not willing to reveal.

For these reasons, the Court sustains Plaintiff's motion in part, to the extent it seeks information, via interrogatories, which the court has found to be non-privileged. To the extent the motion seeks information on privileged matters, it is overruled. At this time, the request for document production is overruled. The Court

---

**2.** This Court reached the same conclusion, in similar circumstances, in *Baxter Travenol Laboratories, Inc. v. LeMay,* No. C-3-80-362 (S.D. Ohio July 9, 1982), slip op. at 10-11 (unpublished decision).

also declines to award expenses to Plaintiff, since "the opposition to the motion was substantially justified...." Fed.R.Civ.P. 37(a)(4). *See Baxter Travenol Laboratories, Inc. v. LeMay*, 89 F.R.D. 410, 417 (S.D.Ohio 1981), *appeal dismissed mem.*, 708 F.2d 721 (6th Cir.1982).

Unless counsel can agree on a different schedule or procedure, Plaintiff's counsel should serve *modified* interrogatories upon Defendants within 20 days after receipt of this entry. Defendants should respond to same pursuant to Fed.R.Civ.P. 33(a).