Richard HIRSCHFELD, Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION, et al., Defendants.

Civ. A. No. 84–3453.

United States District Court, District of Columbia.

June 20, 1985.

---

Richard Hirschfeld, Washington, D.C., Stanley E. Sacks, Sacks, Sacks & Larkin, Norfolk, Va., for plaintiff.

Linda D. Feinberg, Richard M. Humes, Harris J. Weiss, S.E.C., Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff Richard Hirschfeld brings this action for declaratory and injunctive relief against the Securities and Exchange Commission ("SEC") and the individual commissioners thereof. Before the Court is defendants' motion to dismiss the complaint in its entirety and plaintiff's opposition thereto.

Plaintiff is a Virginia attorney whose practice includes representation of corporate clients on corporate and securities matters. Between April 1983 and June 1984, Annamerle Zwitman Bellah was employed by plaintiff as an associate in his firm. Ms. Bellah worked closely with plaintiff in his dealings with various corporate clients before her employment with the firm was terminated by plaintiff in June 1984. Following her termination, Bellah voluntarily contacted the SEC, after consulting with a state bar ethics committee and a United States Attorney's office, to report what she believed to be possible violations of the law by plaintiff. Specifically, she told the Commission that plaintiff may have been responsible for the filing of a false registration statement in connection with a public offering of securities by one company, and for misappropriating the funds of another. Based on that information, the SEC commenced investigations into plaintiff's role in the transactions of those companies and perhaps others.

Plaintiff states that although defendants' attorneys advised Bellah of her rights prior to questioning her, they did not discuss with her the implications of the attorney-client privilege with respect to information obtained through her association with plaintiff in the representation of his corporate clients. Instead, plaintiff claims, defendants "actively solicited and encouraged [Bellah] to violate the attorney-client privilege." Plaintiff's Feb. 7, 1985 Memorandum at 3. Plaintiff brings this action to enjoin defendants from proceeding with or instituting investigations based on information obtained from Ms. Bellah by the SEC. In addition, plaintiff seeks a declaratory judgment that defendants' communications with his former associate "resulted in the use of tainted, improper or illegal evidence" by the SEC in violation of plaintiff's constitutional rights, including but not limited to his rights under the First, Fourth and Fifth Amendments to the Constitution.

Plaintiff's entire complaint, including his constitutional claims, is based on the proposition that the Commission's receipt and use of information from Ms. Bellah violated *his* attorney-client privilege. Whether or not an alleged breach of the attorney-client privilege states a claim of constitutional dimension need not be decided.[1] Here, plaintiff has failed to allege all elements of the attorney-client privilege and therefore cannot state a claim on that foundation.

---

1. *See SEC v. Gulf & Western Indus., Inc.,* 502 F.Supp. 343, 346 n. 5 (D.D.C.1980) (mentioning but not deciding applicability of exclusionary rule to breach of attorney-client privilege in enforcement action *against client*). In subsequent proceedings, the Court in *SEC v. Gulf & Western* ultimately found no breach of the privilege; thus, the constitutional question was not reached. Additional authorities cited by defendants on this point address the extent of the attorney-client privilege under state law in state court proceedings. *See Bradt v. Smith,* 634 F.2d 796 (5th Cir.), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981); *Beckler v. Superior Court of Los Angeles County,* 568 F.2d 661 (9th Cir.1978). Those cases do not foreclose the possibility that the privilege may in certain circumstances assume constitutional significance. *See Bradt v. Smith,* 634 F.2d at 800 n. 4. *See also OKC Corp. v. Williams,* 461 F.Supp. 540, 548–49 (N.D.Tex.1978) (declining to dismiss Fourth and Fifth Amendment claims based on alleged seizure by SEC of attorney-client communication, but rejecting due process claim based on attorney-client privilege); *OKC Corp. v. Williams,* 614 F.2d 58 (5th Cir.), *cert. denied,*

The courts in this Circuit have adopted the concise statement of the attorney-client privilege set forth in *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.Mass.1950).

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Sealed Case*, 737 F.2d 94, 98–99 (D.C.Cir.1984). Two additional statements complete the summary:

> Communications from attorney to client are shielded if they rest on confidential information obtained from the client.... Correlatively, when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged. [Citations omitted.]

*In re Sealed Case*, 737 F.2d at 99. Under this test, "the privilege may be claimed only by the client or his/her representative acting on his/her behalf .... The privilege may not be claimed by the attorney on his/her own behalf." Larkin, *Federal Testimonial Privileges*, § 2.05 at 44–45 (1984); *In re Dayco Corp. Derivative Securities Litigation*, 102 F.R.D. 633, 635 (S.D.Ohio 1984) ("the attorney-client privilege arises when the holder of the privilege is a client ..."); *Washington-Baltimore Newspaper Guild Local 35 v. Washington Star Co.*, 543 F.Supp. 906, 908 (D.D.C.1982) (quoting first element of *United Shoe* test).

In this case, plaintiff does not allege that he is a client seeking the protection of the privilege, nor does he allege that as an attorney he asserts the privilege on behalf of any of his clients. On the contrary, plaintiff clearly asserts that he is advancing "rights, privileges and immunities secured to him[self]" (Complaint ¶ 8). The relief he seeks—a declaratory judgment that his own rights have been violated and an injunction against further investigation into his own activities—confirms that plaintiff brings this action on his own behalf. In this situation, plaintiff cannot claim the protection of the attorney-client privilege. It follows that his constitutionally-based objections to the alleged breach of that privilege fail to state an actionable claim.

Accordingly, and for the reasons set forth above, it is by the Court, this 20th day of June, 1985

ORDERED that defendants' motion to dismiss this complaint for failure to state a claim is hereby granted.

449 U.S. 952, 101 S.Ct. 357, 66 L.Ed.2d 216 (1980) (declining to reach constitutional issues because SEC did not obtain materials by improper means).