Kermit F. GABEL, et al., Plaintiffs,

v.

James ESTELLE, et al., Defendants.

C.A. No. H–81–3125.

United States District Court,
S.D. Texas,
Houston Division.

March 23, 1987.

Henry S. Stiehl, Huntsville, Tex., Kermit F. Gabel, Chilliotte, Ohio, for plaintiffs.

Anthony J. Nelson, Austin, Tex., for defendants.

## MEMORANDUM

HUGHES, District Judge.

On January 12, 1987, in a session of this court at the Wynne Unit of the Texas Department of Corrections, in Huntsville, Walker County, Texas, plenary pretrial conferences were held. The plaintiffs appeared for themselves, and the defendants appeared through counsel. To assist the court, Assistant Warden Mickey Lyles and Staff Physician Charles Adams, with the available medical records, were also in attendance. *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985); *Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986). Although counsel for the defendants was heard, no defendant was heard.

In reaching its conclusion, the court considered that the plaintiffs were not represented by counsel and made allowances for any deficiencies caused by lack of technical knowledge. The court is concerned with the substance of the claims, not with the quality of the plaintiffs' legal articulation. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976). "A pro se prisoner complaint is governed by less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

Kermit F. Gabel and Henry S. Stiehl complained of events at the Ellis Unit of the Texas Department of Corrections on October 19, 1981. The plaintiffs and 158 other inmates had participated in a non-violent strike. In response, prison officials locked all striking inmates in their cells without notice or a hearing. While they were locked-down, the plaintiffs complain, they were fed only peanut butter sandwiches. Gabel further complained that he was denied the opportunity to take a language course and the opportunity to purchase an electric typewriter.

■ To state an actionable claim under 42 U.S.C. § 1983, the facts alleged must show that a person (1) acting under color of a statute, regulation, or usage of the state; (2) subjects a person within the jurisdiction of the United States to the deprivation of any rights secured by the Constitution and laws of the United States. *Bradt v. Smith*, 634 F.2d 796, 799 (5th Cir.), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981).

■ The plaintiffs' complaint and their testimony showed that the lock-down was imposed upon every inmate who took part in the work strike, without partiality. Under those emergency circumstances, the prison officials were authorized to take this kind of action as they saw fit. Prison administrators are entitled to considerable deference in the adoption of prison security measures taken in response to a confrontation with an inmate. *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 1085, 89 L.Ed. 2d 251 (1986).

■ About the plaintiffs' complaint concerning peanut butter sandwiches as their sole nourishment, the court concludes that the plaintiffs suffered no harm. Mere distaste does not represent a constitutionally cognizable complaint. Indeed, the strike itself may have been the cause of the limited fare.

■ About Gabel's complaint that he cannot take a language course or buy a typewriter, the court concludes that there is no constitutional violation involved. The state has no obligation to provide prisoners with educational programs. *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir.1977). Similarly, decisions concerning an inmate's requests for certain items of property must be left to the discretion of the prison officials. Prison conditions may be restrictive and even harsh without violating an inmate's constitutional rights as long as they treat similarly situated inmates similarly and have a rational, if occasionally implausible, reason related to prison administration. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399–2400, 69 L.Ed.2d 59 (1981).

*Conclusion.*

The plaintiffs' complaint, therefore, fails to state a claim under § 1983 that survives the threshold requirement of presenting a plausible federal question of substance. On the court's own motion:

1. The plaintiffs will be granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a); and

2. This case will be dismissed with prejudice under 28 U.S.C. § 1915(d).