28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Flores VELASQUEZ, Petitioner-Appellant,
v.
R.G. BORG, Respondent-Appellee.
 No. 93-15566.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1994.*
Decided July 8, 1994.
 
 1
 Before: SCHROEDER, D.W. NELSON and CANBY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 John Flores Velasquez, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for murder. We affirm.
 
 
 4
 * While detained in the Fresno County Jail awaiting his murder trial, Velasquez became acquainted with another detainee, a convicted murderer named Robles, who offered to become Velasquez's "jailhouse lawyer." Robles convinced Velasquez to discharge his public defender and agreed to help him prepare a defense of diminished capacity. After Velasquez told Robles all of the incriminating facts of his crime, Robles pursued his own interests; he contacted prosecutors and offered to inform them of all that Velasquez had said about the murder. The offer was accepted.
 
 
 5
 In due course, Velasquez was convicted of murder in state court. Following the conviction, he filed a habeas petition in district court in which he contended that the state's use of Robles's testimony violated the attorney-client privilege and the right to counsel. The district court denied the petition and Velasquez now appeals.
 
 II
 
 6
 The scope of the attorney-client privilege to which Velasquez is entitled is defined by state law. Under sections 950 and 954 of the California Evidence Code, the privilege extends only to those authorized or reasonably believed to be authorized to practice law. Because Velasquez does not contend that he thought Robles was authorized to practice law, he has not proven a violation of the attorney-client privilege as that privilege is traditionally understood. Whether the state attorney-client privilege was violated, however, bears only indirectly on our decision. For whether or not a state rule was violated, we may grant habeas corpus relief only if Velasquez can prove a violation of a federal right. Beckler v. Superior Court, 568 F.2d 661, 662 (9th Cir.1978).
 
 
 7
 Reading Velasquez's brief with this limitation in mind, we find it impossible to glean an allegation of a constitutional violation. Velasquez seems to argue that a privilege between jailhouse lawyers and their "clients" is necessary to protect the right to counsel of indigent and illiterate inmates who might not be able to obtain any other counsel. We reject this "necessity" argument because it is wholly academic; Velasquez was represented by a presumably able public defender whom he decided to discharge. He turned instead to a convicted murderer for legal advice. This decision was unfortunate, but it belies his claim that a jailhouse lawyer privilege is necessary to preserve his right to counsel.
 
 III
 
 8
 Velasquez next contends that prosecutors violated United States v. Henry, 447 U.S. 264 (1980), by obtaining the incriminating statements that Robles had elicited in his capacity as jailhouse lawyer. In quizzing him about the murder, Velasquez argues, Robles was a de facto government agent.
 
 
 9
 This argument is foreclosed by Brooks v. Kincheloe, 848 F.2d 940 (9th Cir.1988). In Brooks, the defendant's cell mate, who had testified for the government on two previous occasions, questioned the defendant about the murder for which he had been arrested. When detectives learned that the defendant had discussed the crime with his cell mate, they asked his cell mate what the defendant had said and later used this testimony to convict the defendant. We affirmed the denial of the defendant's habeas petition. Although the findings in that case indicated that the cell mate had taken action beyond mere listening, these actions occurred "before the detectives talked to him." Id. at 945. Therefore, the cell mate was not an agent of the government.
 
 
 10
 Like the cell mate in Brooks, Robles was not acting on behalf of the government when he elicited incriminating evidence from Velasquez. Although Robles may have elicited the information with the intent of divulging the information later to prosecutors, prosecutors had not asked or instructed Robles to obtain the incriminating testimony. Hence, the government did not interfere with Velasquez's right to counsel.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3