Shirley CARTER, Plaintiff,

v.

Robert CHURCH, et al., Defendants.

Civ. A. No. 91–40–VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

May 11, 1992.

See also 791 F.Supp. 297.

Ethel L. Munson, Atlanta, Ga., for plaintiff.

Kattegummula Prabhaker Reddy, Atlanta, Ga., Daniel C. Hoffman, Oris D. Blackburn, Jr., Valdosta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiff's motion to reconsider the court's order of February 7, 1992. In that order, plaintiff was denied leave to amend her complaint to add a claim under 42 U.S.C. § 1985(2) and to add an additional party plaintiff. In a status conference held March 6, 1992, the court orally denied plaintiff's motion to reconsider. A transcript of that conference has been filed and docketed. Presently, plaintiff asks the court to enter an order stating its reasons for denying the motion. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby issues the following order.

## FACTS

On April 17, 1990, the Detoxification Unit in the Lowndes County Substance Abuse Services hired Shirley Carter ("plaintiff"), a black woman, for the position of lead nurse. Defendants Robert Church and Richard Rose, the Area Program Director and the Coordinator of the Detox Unit, respectively, terminated plaintiff on November 27, 1990. On April 15, 1991, plaintiff filed the instant lawsuit under 42 U.S.C. § 1983, alleging that she had been discharged in violation of the Equal Protection Clause of the Fourteenth Amendment.

In approximately March of 1991, prior to filing her lawsuit, plaintiff sought counseling services from Ruth Arger, a human services provider with Lowndes, Valdosta, and Cook counties. In late May or early June, Ms. Arger submitted a statement to the Equal Employment Opportunity Commission ("E.E.O.C.") on behalf of plaintiff. In her affidavit to this court, Ms. Arger contends that one of her supervisors contacted her in August of 1991 and told her not to talk to anyone at the E.E.O.C. with-

out conferring with the county attorney first. (See Arger Affidavit, ¶ 7).

On January 31, 1992, plaintiff sought leave from the court to amend her complaint to add causes of action under Title VII and 42 U.S.C. § 1985(2), and to add an additional party plaintiff (Ruth Arger). Subsequently, the court granted leave to amend to add the Title VII claim, but denied leave to add the § 1985(2) claim or to add Ruth Arger as a party plaintiff.

## DISCUSSION

■ 42 U.S.C. § 1985(2) contains six clauses creating six separate causes of action. As the Fifth Circuit has noted, the first four clauses "describe conspiracies that are designed to obstruct the course of justice in the **federal judicial system.**" *Bradt v. Smith*, 634 F.2d 796, 800–01 (5th Cir.Unit A Jan.1981), *cert. denied*, 454 U.S. 830 (1981) (emphasis added).[1] Two of the first four clauses are pertinent in the instant case:

  A. if two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or

  B. to injure such party or witness in his person or property on account of his having so attended or testified....

■ A plaintiff seeking to recover under clause A must demonstrate that the defendants attempted to deter parties or witnesses from attending or testifying in any court of the United States. *See Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060 (5th Cir.1980), *rev'd on other grounds*, 648 F.2d 340 (5th Cir.1981) (*en banc*). Plaintiff has not alleged any facts in her proposed amended complaint that demonstrate that she or her potential witness were deterred from attending or testifying in this court. Instead, plaintiff contends that defendants

conspired to harass and intimidate her witness (Ruth Arger) to prevent her from fully cooperating with the E.E.O.C. However, section 1985(2) only prohibits interference with the federal judicial system. The E.E.O.C., an administrative agency, is not a part of the federal judicial system.[2] *See generally Morast v. Lance*, 807 F.2d 926, 930 (11th Cir.1987). The court, therefore, finds that plaintiff has failed to state a claim upon which relief could be granted under clause A.

■ Under clause B of § 1985(2), a plaintiff must allege that he or she was injured on account of having attended or testified in federal court. Nowhere does plaintiff assert that she or her witness were injured as a result of attendance or testimony in federal court. Instead, plaintiff claims that her witness was harassed in the course of submitting an affidavit to the E.E.O.C. As the Fifth Circuit has noted, "Congress meant Section 1985(2) to protect a party while **attending** or **testifying** in court." *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 348 (5th Cir. June 1981), *cert. denied*, 454 U.S. 1110 (1981) (emphasis added). Section 1985(2) cannot be interpreted so broadly as to include statements offered to the E.E.O.C. *See* note 2, *supra.* Plaintiff, therefore, has failed to state a claim under clause B.

■ The last two clauses of § 1985(2), which deal with "conspiracies designed to interfere with the equal protection of the laws," are also pertinent. *Bradt*, 634 F.2d at 801. These clauses provide:

  C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or

  D. to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or

---

**1.** Cases decided by the former Fifth Circuit prior to October 1, 1981, are binding precedent in this court. *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*).

**2.** Even if Ruth Arger's affidavit to the E.E.O.C. constitutes attendance or testimony in the federal judicial system, Ms. Arger submitted her affidavit **prior** to discussing it with her supervisor. (*See* Arger Affidavit, § 5).

class of persons, to the equal protection of the laws....

A plaintiff seeking to recover under either of these clauses must demonstrate a racial or class-based discriminatory animus. *Id.* (citing *Griffen v. Breckenridge,* 403 U.S. 88, 101–02 (1971) (§ 1985(3))). In her proposed amended complaint, plaintiff does not contend that defendants have conspired to deprive her of equal protection of the laws. Rather, plaintiff contends that defendants conspired to deprive her potential witness of equal protection of the laws. This is insufficient to state a claim under clause C. Similarly, plaintiff does not contend that defendants injured her or her property for lawfully enforcing or attempting to enforce her rights. No allegations were made that plaintiff was injured as a result of the alleged conspiracy. In fact, defendants terminated plaintiff months before the alleged conspiracy arose. The court concludes that plaintiff has failed to state a claim under clause D.

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their complaint once, as a matter of course, before a responsive pleading is served. Once a responsive pleading has been served, a party may amend their complaint only by leave of court. While leave to amend should be freely given when justice requires, leave may be denied if the amended complaint is subject to dismissal. *Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir.1980), *cert. denied,* 454 U.S. 927 (1981). In the instant case, plaintiff's claim is legally insufficient on its face and, therefore, would be subject to dismissal. Consequently, the court DENIES plaintiff's motion to reconsider the court's earlier denial of plaintiff's motion to amend to add a cause of action under § 1985(2).

■ With respect to the court's denial of leave to amend plaintiff's complaint to add Ruth Arger as a party plaintiff, the court reiterates what it stated in the March 6, 1992, status conference. Ms. Arger's claims do not relate to the facts of this case, but rather to defendants' alleged harassment or retaliation as a result of her submitting an affidavit to the E.E.O.C. In order to be added as a party plaintiff, Ms. Arger must allege rights arising out of the same transaction or occurrence. F.R.C.P. 20(a). Such is not the case here. Accordingly, the court DENIES plaintiff's motion to reconsider.

SO ORDERED.