**Boyd E. GRAVES, Plaintiff,**

v.

**UNITED STATES of America, Richard W. Riley, Secretary of the United States Department of Education, Kathleen K. Parker, Chairperson of the United States Architectural and Transportation Compliance Board, Anne Marie Hughey, Executive Director of the National Council on Independent Living, David Barram, Administrator of the General Services Administration, Pearl Kinard, EEO Counselor of the General Services Administration, Defendants.**

**Civil Action No. 96–2608(SS).**

United States District Court, District of Columbia.

April 11, 1997.

Boyd E. Graves, pro se and in forma pauperis.

Eric H. Holder, Jr., United States Attorney, and Steven J. McCool, Assistant United States Attorney, for the Defendants United States, Riley, Parker, Barram And Kinard.

Eugene R. Fidell, Michael B. Glomb, Washington, for the Defendant Hughey.

## MEMORANDUM OPINION

SPORKIN, District Judge.

### I. INTRODUCTION

Before the Court in the above-captioned case are the plaintiff's Complaint and Amended Complaint, defendant Hughey's Motion to Dismiss, the defendants United States, Riley, Parker, Barram and Kinard's Motion to Dismiss, and the plaintiff's Memorandum in Opposition thereto. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall grant the defendants' Motions to Dismiss.

### II. BACKGROUND

The plaintiff, Boyd E. Graves, was employed as Americans with Disabilities Act ("ADA") Project Coordinator for the National Council on Independent Living ("NCIL") from December 1993 until he was laid off on February 10, 1995. He commenced this ac-

tion on November 18, 1996, and filed an amended complaint on November 29, 1996, seeking $6,000,000.00 in damages for the defendants' alleged violations of 42 U.S.C. §§ 1985(2) and 1985(3). The plaintiff generally alleges that the defendants conspired to keep him unemployed or underemployed. He claims that in furtherance of this conspiracy, the Department of Education conspired with the NCIL to withhold fiscal year 1995 funding for the plaintiff's job as ADA Coordinator for the NCIL. The plaintiff further alleges that the defendant, Anne Marie Hughey, Executive Director of NCIL, circumvented Equal Employment Opportunity ("EEO") procedures regarding the vacancy announcement for the ADA Coordinator position when the 1995 funding was awarded. The plaintiff also alleges that in furtherance of the conspiracy, the defendant United States Architectural and Transportation Barriers Compliance Board ("ACCESS Board") discriminated against him when it failed to hire him.

The plaintiff's Amended Complaint, filed November 29, 1996, added David Barram, Administrator for the General Services Administration ("GSA") and Pearl Kinard, EEO Counselor for GSA, as defendants. The plaintiff alleges that Barram and Kinard conspired to keep him unemployed by violating EEO procedures.

## III. DISCUSSION

### A. FOR THE PURPOSES OF THIS CASE, THE, DEFENDANTS ARE ONLY THOSE DEFENDANTS NAMED IN THE COMPLAINT AND AMENDED COMPLAINT.

In his Memorandum in Opposition to the Defendants' Motions to Dismiss, the plaintiff recounts the actions of numerous other "defendants" who are not named in either the Complaint or the Amended Complaint, namely, David Esquith, David Capozzi, Larry Roffee, and Ceil Stein. The plaintiff has not filed a motion to amend the complaint to add these new "defendants,"

and there is no indication that these "defendants" have been served with process. The Court, however, shall liberally construe the plaintiff's Memorandum in Opposition to, Defendants' Motion to Dismiss as a motion to amend the Complaint.

Since the plaintiff amended his Complaint on November 29, 1996 to add the defendants Barram and Kinard, the plaintiff can only amend his Complaint again with leave of the Court.[1] While Rule 15(a) states that leave to amend shall be freely given, it does not mean that leave must be granted in all cases. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed.1990). The decision whether to permit a party to amend a pleading is within the discretion of the court. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (granting or denying leave to amend is committed to district court's discretion); *Atchinson v. District of Columbia,* 73 F.3d 418, 425 (D.C.Cir.1996) (holding that district court has discretion to grant or deny leave to amend).

A motion to amend the Complaint should be denied as "futile" if the complaint as amended could not withstand a motion to dismiss. *See* Wright et al., *supra,* at § 1487; *Glick v. Koenig,* 766 F.2d 265, 268–69 (7th Cir.1985) (holding that district court is justified in denying amendment of pleadings if proposed amendment would not withstand motion to dismiss); *Jones v. Community Redevelopment Agency of Los Angeles,* 733 F.2d 646, 650–51 (9th Cir.1984) (district court properly denied leave to amend complaint where second amended complaint failed to state § 1983 claim, thus failing to correct deficiencies of first amended complaint); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (enunciating general standard that motion for leave to amend shall be freely given unless reason, such as "futility" is declared).

Here, Graves cannot state a claim against the additional "defendants," because he has not alleged that the additional "defendants" conspired to keep him unemployed or under-

---

1. Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Oth-

erwise a party may amend the party's only by leave of the court or by written consent of the adverse party...." **Fed.R.Civ.P. 15(a).** The defendants have not yet filed responsive pleadings.

employed because of his membership in a protected class. Therefore, he will not be permitted to amend his Complaint to add them to this lawsuit.

Graves has not alleged any unlawful purpose underlying David Esquith's refusal to release funds from the Department of Education. *See* Opp'n at 2. Likewise, he has failed to allege that Larry Roffee, Executive Director of the ACCESS Board did anything illegal. *See* Opp'n at 3–5. Further, Graves fails to allege that David Capozzi of the ACCESS Board conspired with anyone; the plaintiff alleges only that Capozzi had some communications with the EEOC. *Id.* While he claims that Ceil Stein of the ACCESS Board allegedly mishandled his employment application, Graves alleges no facts showing that she conspired with anyone. *Id.* The mere allegation that Kinard "alerted" Stein and Capozzi that Graves was "angry and that they would be hearing from him" would not, as a matter of law, support a finding of conspiracy to deprive Graves of his civil rights. Finally, Graves has not alleged a conspiracy merely by asserting that defendants Hughey, Esquith, Capozzi and Roffee "maintain ongoing regular social and professional relationships and discourse." *Id.* at 5.

In sum, the plaintiff's allegations against these additional "defendants" do not constitute a conspiracy as a matter of law. Consequently, amendment of the Complaint to add these defendants would be futile. Therefore, for the purposes of this case, the defendants are only those defendants named in the plaintiff's Complaint and Amended Complaint—the United States; Richard Riley, United States Secretary of Education; Kathleen K. Parker, Chairperson of the ACCESS Board; Anne Marie Hughey, Executive Director of NCIL; David Barram, Administrator of GSA; and Pearl Kinard, EEO Counselor of GSA.

### B. THE COURT SHALL GRANT THE DEFENDANTS' MOTIONS TO DISMISS.

#### 1. The plaintiff's § 1985 claims against the United States are barred by sovereign immunity.

■ The plaintiff's § 1985 claims against the United States are barred by the doctrine of sovereign immunity. *See Hohri v. United States,* 782 F.2d 227, 245 (D.C.Cir.1986) (holding that provisions of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, "by their terms, do not apply to actions against the United States"), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987); *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); *Biase v. Kaplan,* 852 F.Supp. 268, 289–90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency.") Therefore, the plaintiff's claims against the United States will be dismissed for lack of subject matter jurisdiction. *See* **Fed. R.Civ.P. 12(b)(1).**

#### 2. The plaintiff's § 1985 claims against defendants Hughey, Barram and Kinard are not barred by sovereign immunity, because the plaintiff effectively is suing these defendants in their individual capacities.

■ The defendants argue that this Court lacks subject matter jurisdiction because the plaintiff's claims are barred by sovereign immunity. *See* M. to Dismiss at 2. They point to well-established case law holding that a lawsuit against federal officers in their official capacities is a lawsuit against the United States, *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), and that suits against the United States are barred by sovereign immunity, *Hohri,* 782 F.2d at 245–46. The defendants base their sovereign immunity argument on the plaintiff's representation to the Court during the November 22, 1996 status conference that he is seeking relief against the defendants in their official capacities only. *See also* Order of November 25, 1996 at p. 1 (memorializing the plaintiff's representation). It is clear from the Complaint and Amended Complaint, however, that the plaintiff (proceeding without an attorney) is confused about the legal distinction between one's "official" and "individual" capacities, and that he

is really seeking relief against several of the defendants in their individual capacities.

■ The plaintiff's claims against defendants Hughey, Kinard and Barram are not based solely on their status as officials of the federal government (unlike Riley and Parker),[2] but rather on his belief that these defendants personally took specific actions in violation of the Constitution. Where a defendant is alleged to have personally committed a constitutional violation, such a defendant may not rely on the doctrine of sovereign immunity, because he or she is being sued in his or her individual capacity. *See Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1332–33 n. 3 (9th Cir.1987) (citing *United States v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2461, 95 L.Ed.2d 870 (1987)); *see also Kenyatta v. Moore,* 623 F.Supp. 224, 228 (S.D.Miss.1985) (holding that federal employee who uses his office to commit a federal constitutional violation is not allowed to claim that office as grounds for an absolute immunity defense). As discussed below, however, the official-individual capacity distinction is irrelevant for purposes of ruling on the defendants' motions, because the plaintiff has failed to state a claim under § 1985.

### 3. The plaintiff has failed to state a § 1985 claim, and to the extent he has stated a claim for employment discrimination in federal employment, that claim is pre-empted by Title VII's remedial scheme.

The plaintiff's § 1985 claims against the remaining defendants—Riley, Parker, Barram, Hughey and Kinard—will be dismissed for failure to state a claim under 42 U.S.C. §§ 1985(2) and 1985(3) and for lack of subject matter jurisdiction. As discussed below, the plaintiff's claims against the defendants at best allege a claim of employment discrimination, not a conspiracy to deprive him of his civil rights. Consequently, the exclusive remedy for these alleged wrongs is Title VII.

### a. The plaintiff has failed to state a § 1985(2) claim.

■ The first clause of 42 U.S.C. § 1985(2) prohibits conspiracies to interfere with judicial proceedings in federal court. *See* 42 U.S.C. § 1985(2). Thus, to state a claim under the first clause of § 1985(2), a plaintiff must allege (1) a conspiracy between two or more persons, (2) to deter a party, witness or juror from attending or testifying in any matter pending in any court of the United States, which (3) results in injury to the plaintiff. *See Chahal v. Paine Webber, Inc.,* 725 F.2d 20, 23 (2d Cir.1984); *see also Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 758 (5th Cir.1987) (underlying proceeding in federal court is requisite of claim under first clause of § 1985(2)); *Simmons v. Zibilich,* 542 F.2d 259, 261 (5th Cir.1976) (noting that allegation of conspiracy is essential element of § 1985 claim); *Carter v. Church,* 791 F.Supp. 298, 300 (M.D.Ga.1992) (elements of § 1985(2) claim includes allegation of an attempt to deter parties or witnesses from attending or testifying in any court of the United States).

Graves has failed to state a claim under § 1985(2), because he was not a party, witness or juror to any matter pending in federal court. His pending administrative proceedings under Title VII do not constitute a court proceeding for the purposes of § 1985(2). *See Deubert,* 820 F.2d at 758 (holding that interference with or obstruction of administrative proceedings are not redressable under § 1985(2)); *Carter,* 791 F.Supp. at 300 (holding that EEOC proceedings are not court proceeding for purposes of this section); *see also Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.) (holding that plaintiffs seeking to recover under § 1985(2) must show nexus between alleged conspiracy and proceeding in federal court), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981); *Sampson v. Village Discount Outlet,* 832 F.Supp. 1163, 1168 (N.D.Ill.1993), *aff'd,* 43 F.3d 1474 (7th Cir.1994) (holding that in order to state claim under § 1985(2), plaintiff

---

**2.** The plaintiff fails to allege that Riley and Parker took any actions whatsoever relevant to this litigation. He also concedes that he is suing defendants Riley and Parker solely in their official capacities. *See* Opp'n at 6.

must allege nexus between alleged conspiracy and federal court proceeding)

### b. The plaintiff has failed to state a § 1985(3) claim.

■ Section 1985(3) prohibits conspiracies to deprive any person of equal protection of the laws. A plaintiff suing under § 1985(3) must allege four elements: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of privileges and immunities under the law; (3) motivated by some class based, invidiously discriminatory animus exists; (4) whereby a person is either injured in his person or property, or is deprived of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971); *Hobson v. Wilson*, 737 F.2d 1, 14 (D.C.Cir.1984).

### 1) The plaintiff has failed to allege a conspiracy between any of the defendants.

■ A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in that damage.' " *See Lenard v. Argento* 699 F.2d 874, 882 (7th Cir.1983) (citing *Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir.1973)). Viewing the plaintiff's third iteration of his complaint as liberally as possible, the plaintiff has failed to allege any facts that would constitute a conspiracy, as a matter of law.

The plaintiff has failed to allege that there was ever an agreement or "meeting of the minds" between any of the defendants to keep him underemployed because of his membership in a protected class; such a "meeting of the minds" is an essential element of a conspiracy claim. *See Breckenridge* 403 U.S. at 102, 91 S.Ct. at 1798; *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993); *Pro–Choice Network of W. New York v. Project Rescue W. New York*, 799 F.Supp. 1417, 1429 (W.D.N.Y.1992); *Taliaferro v. Voth*, 774 F.Supp. 1326, 1332 (D.Kan. 1991); *Chambers v. Omaha Girls Club*, 629 F.Supp. 925, 936 (D.Neb.1986).

■ Initially, the plaintiff alleges that Riley is being sued for failing to take any affirmative actions to address the plaintiff's complaints of employment discrimination, but he does not allege that this failure to act is the result of an agreement to keep the plaintiff unemployed. *See* Compl. at 3 and Opp'n at 6. Moreover, the fact that the plaintiff is suing Riley only in his official capacity means that Riley could not have *personally* participated in a conspiracy to deprive the plaintiff of his civil rights. Finally, because he allegedly acted in his official capacity, Riley was not a "person" for purposes of satisfying § 1985's requirement that "two or more persons" conspired together. *See Santiago v. New York State Dept. of Correctional Services*, 725 F.Supp. 780, 783–84 (S.D.N.Y.1989) (holding that an agency is not a "person" under § 1985(3) and noting that agency officials acting in their official capacities are not "persons" under § 1983, a term which has the same meaning under § 1985) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, therefore he or she is not a "person" under § 1983)).

The plaintiff is suing Barram because he allegedly has failed to provide an explanation as to why pages (presumably containing the plaintiff's signature) were missing from the GSA's visitor registry. The plaintiff, however, fails to allege that Barram conspired with anyone. *See* Opp'n at 6.

The plaintiff is suing Parker in her official capacity as Chairperson of the ACCESS Board, which allegedly conspired not to hire the plaintiff through a "sophisticated scheme to thwart plaintiff's EEO rights." Opp'n at 5; *see also* Compl. at 3. The plaintiff has failed to allege, however, whether and with whom any person at the ACCESS Board allegedly conspired. Also, as with Riley, because the plaintiff has sued Parker only in her official capacity, Parker could not have *personally* participated in a conspiracy to

deprive the plaintiff of his civil rights. Additionally, Parker is not a "person" under § 1985.

The plaintiff alleges that Hughey, Executive Director of NCIL, "colluded" with David Esquith from the Department of Education and circumvented her agency's regulations regarding issuance of job vacancy announcements in an effort to keep the plaintiff from getting his job back. *See* Opp'n at 6. Other than this conclusory allegation, however, the plaintiff has failed to allege any facts showing the existence or establishment of an agreement between Hughey and Esquith.

The plaintiff is suing Kinard for allegedly shredding files and erasing computer files regarding the plaintiff's EEO claims, but the plaintiff does not allege that Kinard conspired with anyone, let alone that she took these actions in furtherance of a conspiracy. *See* Am. Comp. at 2. As mentioned above, the plaintiff also alleges that Kinard "alerted" Stein and Capozzi that the plaintiff was angry and that they would be hearing from him, but this speculative and conclusory statement does not constitute an allegation of a meeting of the minds sufficient to state a § 1985 claim.

Consistent with the reasoning of other courts, this Court is left with no choice but to dismiss the plaintiff's § 1985(3) claims for his failure to allege (beyond conclusory assertions) that there was an agreement or meeting of the minds between any of the defendants to violate his civil rights because of his membership in a protected class. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that district court properly dismissed *pro se* prisoner's § 1985 claim for failure to state claim where prisoner failed to allege meeting of minds between alleged conspirators); *Pao v. Holy Redeemer Hosp.,* 547 F.Supp. 484 (E.D.Pa.1982) (holding that claim, alleging racially motivated animus but failing to allege elements of conspiracy stated a claim under Title VII but did not state a § 1985 claim)

2) **The plaintiff has failed to allege with particularity a nexus between the defendants' overt conspiratorial acts and his alleged injury.**

▮ The plaintiff's § 1985 claim also must be dismissed because at the pleading stage a plaintiff is required to allege a connection between the overt acts, the furtherance of the conspiracy and the plaintiff's injury. *See Watson v. Clark,* 716 F.Supp. 1354, 1358 (D.Nev.1989) (granting motion to dismiss where plaintiff failed to allege specific facts supporting alleged conspiracy: "In order to support a claim for conspiracy, plaintiff must allege facts showing particularly what acts a defendant performed to carry the conspiracy into effect, how those acts fit into the conspiracy, and how injury to the plaintiff was foreseeable therefrom.") (citing *Hoffman v. Halden,* 268 F.2d 280, 295 (9th Cir.1959), *overruled on other grounds, Cohen v. Norris,* 300 F.2d 24 (9th Cir.1962)); *Ibarra v. Las Vegas Metro. Police Dept.,* 572 F.Supp. 562, 565 (D.Nev.1983); *Morpurgo v. Board of Higher Educ.,* 423 F.Supp. 704, 713 (S.D.N.Y.1976) (granting motion to dismiss and holding that complaints based on conspiracy provisions of the Civil Rights Act cannot rest on vague and conclusory allegations but must allege with at least some degree of particularity the overt acts by defendants that were reasonably related to the promotion of the conspiracy). Even on his third try, the plaintiff has not met his burden of pleading.

While the plaintiff has alleged several actions taken by the defendants individually and independently, he has failed to allege any overt acts pursuant to, or manifest of, a *collective* agreement to keep the plaintiff unemployed because of his membership in a protected class. Thus, even if Kinard's alleged shredding of files, the purported missing pages from Barram's log, or Hughey's alleged efforts to circumvent her agency's regulations regarding dissemination of job vacancy announcements were liberally construed as overt acts of unlawful, individual discrimination, the plaintiff has failed to allege how these acts either evidenced or furthered a conspiracy between any of these defendants.

3) **The plaintiff has failed to allege that the defendants were motivated by a class-based, discriminatory animus.**

▮ Finally, the plaintiff's § 1985 claim must be dismissed because he has failed to

allege that any of the defendants' actions were motivated by some class-based, invidiously discriminatory animus. *See United Bhd. of Carpenters and Joiners of Am. v. Scott,* 463 U.S. 825, 835, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983) (holding that § 1985(3) requires allegation of some class-based, invidiously discriminatory animus behind conspirators' actions); *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993) (holding that for plaintiff to make out § 1985(3) claim, allegation of conspiracy must be motivated by some racial or perhaps otherwise class-based invidiously discriminatory animus). Beyond alleging that he belongs to several, arguably-protected classes,[3] the plaintiff has failed to allege a single fact that would support a claim that any of the defendants' actions were taken because of his status as a member of any of these classes. The allegation that the defendants "have conspired in such a manner to ensure that [the] plaintiff remains unemployed/underemployed," *Comp.* at 3, does not sufficiently state a claim under § 1985(3), as a matter of law.

c. **Viewing the Complaint most favorably for the plaintiff, he has attempted to bring a claim of federal employment discrimination for which his exclusive remedy is Title VII.**

After sorting through the plaintiff's (sometimes incomprehensible) pleadings, the plaintiff at best has alleged a garden variety employment discrimination claim stemming from the end of his employment at the NCIL and his failure to be re-hired by the NCIL or by the Access Board. The plaintiff's employment discrimination claim, however, cannot automatically be re-cast as a § 1985 claim, especially where (1) his conspiracy allegations are wholly speculative and conclusory and (2) the § 1985 allegations are indistinguishable from his employment discrimination allegations. Such a result would undermine the Congressionally-creat-

ed, pre-emptive scheme for dealing with employment discrimination claims by federal employees—i.e., Title VII. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 376–78, 99 S.Ct. 2345, 2350–51, 60 L.Ed.2d 957 (1979) (holding that if violation of Title VII could be asserted through § 1985(3), complainant could avoid most, if not all, of detailed and specific provisions of Title VII); *Brown v. GSA,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976) (dismissing § 1981 claim because Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"); *cf. Ethnic Employees of Library of Congress v. Boorstin,* 751 F.2d 1405, 1415–16 (D.C.Cir.1985) (holding that where the plaintiffs' alleged injury was employment discrimination, Title VII was their exclusive remedy; however, the claim that the plaintiffs were punished for their constitutionally protected criticisms of their employer was not pre-empted by Title VII because Title VII provided no protection against this injury). Under the alleged facts of this case, Title VII would appear to be the exclusive remedy for the plaintiff's federal employment discrimination claim. Accordingly, this Court is without subject matter jurisdiction over the plaintiff's claim. See **Fed.R.Civ.P. 12(b)(1).**

## IV. CONCLUSION

For the foregoing reasons, the Court shall grant the defendants' Motions to Dismiss. The Court shall issue an order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

This matter came before the Court on the defendants' motions to dismiss. For the reasons stated in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 11th day of April, 1997,

---

3. The plaintiff claims to be a 44 year-old, HIV positive, African–American, non-theist male. *Compl.* at 2. The plaintiff's race is clearly a protected class under § 1985(3). *Compare De-Santis v. Pacific Tel. & Tel. Co.,* 608 F.2d 327, 333 (9th Cir.1979) (gays are not covered); *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1485–

86 (7th Cir.1985) (disabled persons not covered); *Tranello v. Frey,* 758 F.Supp. 841, 849–50 (W.D.N.Y.1991) (passage of ADEA supplanted any cause of action for age bias under § 1985), *aff'd,* 962 F.2d 244 (2nd Cir.), *cert. den'd,* 506 U.S. 1034, 113 S.Ct. 813, 121 L.Ed.2d 686 (1992).

ORDERED that the defendants' motions to dismiss are GRANTED; and it is

FURTHER ORDERED that the Clerk is directed to DISMISS this case from the docket of this Court.