**Boyd E. GRAVES, Plaintiff,**

v.

**The UNITED STATES of America, et al., Defendants.**

**Civil Action No. 96–2608 (SS).**

United States District Court, District of Columbia.

June 25, 1997.

## ORDER

SPORKIN, District Judge.

By order of April 11, 1997, the Court granted the defendants' motion to dismiss the above-entitled action brought under 42 U.S.C. § 1985(2) and (3). In that order, the Court, among other things, liberally construed the plaintiff's memorandum in opposition to defendants' motion to dismiss as a motion to amend the complaint. *Graves v. United States,* 961 F.Supp. 314, 317 (D.D.C. 1997). The plaintiff already had amended the complaint once. The Court denied the motion to amend because it could not survive a motion to dismiss. *Id.* at 317–18.

On May 27, 1997, the plaintiff filed a "Motion for Reconsideration from the Court's Denial of Plaintiff's Motion Seeking Leave to Amend the Complaint." The plaintiff, however, failed to attach a proposed amended complaint to his motion, as required by Rule 108(i) of the *Rules of the United States District Court for the District of Columbia.* Nor did the plaintiff state any grounds that arguably would justify reconsideration of the April 11 order.

While the plaintiff filed a proposed "Third Amended Complaint" on June 20, 1997, he did so only in response to the defendants' oppositions to his motion, thereby denying the defendants an opportunity to respond to the contents of the proposed, third amended complaint. Additionally, the plaintiff again failed to offer the Court a single reason to reconsider its April 11 order, merely claiming that the latest complaint "cures the defects" cited in that order. *Plaintiff's Rebuttal to Defendants['] Opposition* at 1.

The plaintiff's proposed, third amended complaint attempts to state causes of action under 42 U.S.C. §§ 1981 and 1985(3) and state law claims for "tortious intentional infliction of emotional distress and intentional interference with employment contract." Since a motion for reconsideration is not a vehicle for bringing before the Court theories or arguments that were not earlier advanced, it would neither be proper nor fair to permit the plaintiff to add a § 1981 claim and common law claims that he never alleged in his prior complaints.

Moreover, the proposed, third amended complaint demonstrates that the plaintiff has not cured several of the fatal defects in his prior three complaints, *inter alia:* (1) he still sues the United States, even though the doctrine of sovereign immunity bars such a claim; (2) he still alleges a conspiracy involving Richard Riley, even though the plaintiff previously represented to the Court that he was suing Riley in his official capacity only, conceding that Riley is not a "person" under § 1985(3); and (3) he still has failed to allege particular facts showing that there was an agreement, or overt acts manifest of an agreement, between the defendants to deprive him of employment because of his membership in a protected class. As the Court previously held, the defendants' purported social and professional contacts do not evidence a conspiracy, as a matter of law. *Graves,* 961 F.Supp. at 318. Likewise, the non-specific and conclusory allegations that "they discussed and communicated with each other to prevent Plaintiff from obtaining employment" and that "they acted as a group" do not cure the fatal defects in plaintiff's three prior complaints.

Review of the proposed, third amended complaint reveals that the plaintiff at best has alleged a claim of discriminatory discharge by NCIL, not a claim under § 1985(3).[1] He also may have alleged a claim of discriminatory failure-to-hire and retaliation by the United States Architectural and Transportation Barriers Compliance Board, for which his exclusive remedy is Title VII. *Brown v. General Services Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). While the Court whole-heartedly believes that the plaintiff is entitled to redress for a meritorious claim of employment discrimination, the avenue of relief sought by the plaintiff in this case is inappropriate.

Accordingly, it is, by the Court, this 25th day of June, 1997,

---

**1.** The proposed, third amended complaint alleges for the first time that defendant National Council of Independent Living ("NCIL") is a private corporation. Therefore, Title VII is not necessarily the plaintiff's exclusive remedy for employment

ORDERED that the plaintiff's motion for reconsideration from the Court's denial of plaintiff's motion seeking leave to amend the complaint is DENIED for the reasons stated herein; and it is

FURTHER ORDERED that defendants' motion for enlargement of time filed on June 11, 1997 is DENIED as MOOT.

discrimination by NCIL. Nevertheless, NCIL is not a proper defendant in this action for the other dispositive reasons set forth herein and in the Court's order of April 11, 1997.