SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

LIFE PARTNERS, INC., et al., Defendants.

No. CIV. 94–1861 RCL.

United States District Court, District of Columbia.

Nov. 24, 1997.

Thomas Wesley Kirby, Ida Wurezinger Draim, Lee Elton Goodman, Wiley, Rein & Fielding, Washington, DC, for Defendants.

John M. Gannon, Lee Felix Orenstein, SEC, Office of the General Counsel, Washington, DC, for Plaintiff.

### *MEMORANDUM OPINION AND ORDER*

LAMBERTH, District Judge.

This matter comes before the court on defendants' Renewed Motion to Dismiss and Suggestion that Subject Matter Jurisdiction is Absent and plaintiff's Motion Seeking Leave to Amend Complaint and in Opposition to Defendants' Renewed Motion to Dismiss. Upon consideration of the submissions of the parties and the relevant law, plaintiff's Motion Seeking Leave to Amend Complaint is denied and summary judgment is entered for defendants, dismissing this case.

### I. *Background*

In 1994, the Securities and Exchange Commission ("SEC") initiated proceedings in this

court seeking to regulate transactions involving the marketing and sale of fractional interests in life insurance policies facilitated by defendant Life Partners, Inc. ("LPI"). LPI arranges transactions known as viatical settlements, whereby a terminally ill person agrees to sell his or her life insurance policy to a third party for a discounted value. Typically a viatical settlement company such as LPI purchases policies from the terminally ill individual and markets fractional interests in the policy to investors. To facilitate the transfer of the interests to investors, these viatical settlement companies also perform certain pre- and post-transaction services. In response, several states and the SEC have sought to regulate these transactions.

In the instant case, the SEC filed a motion for a preliminary injunction and other provisional relief alleging that the interests marketed by LPI were securities. The SEC contended that LPI violated the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("1934 Act") by marketing and selling the fractional interests in the viatical settlements without first complying with the various requirements of these acts, in particular the registration provisions.

In its August 1995 opinion, this court concluded that viatical settlements were securities under the 1933 Act and held that LPI violated §§ 5(a) and (c) of the 1933 Act and § 15(a) of the 1934 Act by failing to comply with the requirements of these acts. *SEC v. Life Partners, Inc.*, 898 F.Supp. 14 (D.D.C. 1995). LPI was ordered to bring its operations into compliance with these laws but nonetheless, was permitted to continue to engage in the sale of viatical settlements. In the same opinion, this court also determined that the SEC made out a prima facie case that LPI had materially misstated and omitted certain facts in the sale of these securities in violation of the anti-fraud provisions of § 10(b) of the 1934 Act and Rule 10b–5 promulgated thereunder, and preliminarily enjoined LPI from continuing to commit securities fraud. In a separate order, this court denied LPI's motion for a partial stay of the order accompanying the August 1995 opinion pending appeal. LPI was also directed to file a report with the court detailing the steps the company had undertaken to comply with the federal securities laws within 20 days.

In January 1996, this court concluded that LPI had not adequately complied with the court's prior directives and preliminarily enjoined LPI from offering or selling unregistered fractional interests in viatical settlements. With the court's approval, the parties stipulated that the injunction would be stayed with respect to transactions then in progress, and that LPI would not seek any broader stay pending the resolution of the matter by the Court of Appeals. Finally, in March 1996, this court granted the Emergency Motion for Supplemental Provisional Relief filed by the SEC. The SEC filed this motion in reaction to an affidavit by Brian Pardo, then-President of LPI, asserting that LPI had complied with the court's prior rulings and advising the court that LPI planned to resume the sale of viatical settlements.

LPI appealed the opinions and orders issued by this court to the Court of Appeals for the D.C. Circuit. *SEC v. Life Partners, Inc.*, 87 F.3d 536 (D.C.Cir.1996). The Court of Appeals reversed this court's holding that viatical settlements were properly characterized as securities under the 1933 Act. This determination was controlled by the Court's interpretation of the Supreme Court's decision in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). In *Howey*, the Supreme Court stated that an investment contract is a security subject to the 1933 Act if investors purchase with (1) an expectation of profits arising from (2) a common enterprise that (3) depends upon the efforts of others. 328 U.S. at 298–99, 66 S.Ct. at 1102–03. While both this court and the Court of Appeals agreed that the viatical settlements satisfied the first two factors set forth in *Howey*, the Court of Appeals concluded that the requirements of the final prong-profits being derived predominantly from "the efforts of others"-were not present with respect to the interests in the viatical settlements marketed by LPI. The Court of Appeals examined both the pre- and post-purchase services offered by LPI, but found no evidence that LPI engaged in any signifi-

cant non-ministerial, post-purchase services for investors. The Court of Appeals also determined that the ministerial functions performed by LPI did not have a material impact upon the profits of the investors. Rather, the Court of Appeals indicated that the length of the insured's life was of overwhelming importance to the value of the viatical settlement marketed by LPI.

Presently, the SEC has filed a motion to amend its original complaint in light of new facts that the Commission has allegedly uncovered pertaining to the post-purchase services offered by LPI. The SEC contends that these new facts reveal that the investment contracts offered by LPI are indeed securities and thereby subject to the requirements of the 1933 and 1934 Acts. For the reasons stated below, this court concludes that the SEC has failed to present new facts demonstrating that the viatical settlements distributed by LPI are securities consistent with the prior interpretation of *Howey* by the Court of Appeals in this case. Thus, amendment of the SEC's initial complaint is not warranted and must be denied as futile. Furthermore, because the SEC has failed to present any genuine issue of material fact with respect to this or any other issue before the court, LPI is entitled to summary judgment in this case.

## II. *Analysis*

### A. *SEC's Motion to Amend the Initial Complaint*

Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party ... and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court defined the term "when justice so requires" and explained that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... *futility of amendment,* etc.—the leave sought should,

as the rules require, be 'freely given.'" *Id.* at 182, 83 S.Ct. at 230. Accordingly, "[w]ithin these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a)." *Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C.Cir.1996). *See also Foman,* 371 U.S. at 182, 83 S.Ct. at 230 ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason ... is not an exercise of discretion."); *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996) (indicating that the granting or denial of leave to amend is committed to the district court's discretion).

■ As the Supreme Court stated in *Foman,* a motion to amend a complaint should be denied when such an amendment would be futile. "It has been repeatedly held that an amended complaint is 'futile' if the complaint as amended would not survive a motion to dismiss." *Monroe v. Williams,* 705 F.Supp. 621, 623 (D.D.C.1988) (citing *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.1983)). *See also Graves v. United States,* 961 F.Supp. 314, 317 (D.D.C. 1997) ("A motion to amend the Complaint should be denied as 'futile' if the complaint as amended could not withstand a motion to dismiss.").

■ In the instant case, the SEC has alleged that new facts have come to light that support the allegation that the viatical settlements marketed by LPI are securities. In its motion, the SEC states that "[i]n March 1997, [the SEC] learned of new developments that belie the factual predicate on which the Court of Appeals decision is based and show that the investments offered and sold by the defendants 'must be managed on a continuing basis.'" Brief in Supp. of SEC's Mot. to Amend Comp. at 5. The new facts alleged by the SEC deal primarily with the post-transaction services undertaken by LPI. Specifically, the SEC contends that a portion of the purchase money paid by investors for their fractional interests in a given policy is held in a trust account for the payment of premiums for a specified period of time. The transaction documents offered by LPI in conjunction

with the sale of the interests to investors apparently fail to provide for situations in which the money held in trust for premium payments is exhausted before the insured has died. According to the SEC, situations have begun to arise where the insured is living beyond the period for which the premiums were reserved or in other cases, where the reserves for the premiums have been exhausted before the end of the period for which these premiums had supposedly been reserved.

The SEC asserts that in order to keep these policies in force when reserved premiums have been exhausted and to prevent the investor's interests from becoming worthless, LPI has been advancing premium payments to the issuers of the policies. After making these advancements, LPI has then demanded reimbursement from investors for the money that LPI has advanced to pay the premiums and has required investors to continue to pay their pro rata share of future payments. Apparently, these demands for reimbursement directly contradict express statements included in LPI's transaction forms which provide that the purchaser will not incur costs of any type beyond the amount tendered as the policy purchase deposit. However, the SEC alleges that where investors have refused to make these additional premium payments, LPI has threatened to appropriate the investor's interest and sell this interest to another party. Furthermore, the SEC believes that LPI has sought to mislead investors into complying with their demands by falsely telling them that they will be liable to other investors in the same policy if they do not pay their pro rata share of the premiums.

Instructed by the Court of Appeals' interpretation of *Howey* as set forth in *SEC v. Life Partners, Inc.*, 87 F.3d 536 (D.C.Cir. 1996), it is this court's conclusion that the SEC's motion to amend its original complaint must be considered futile. The SEC has failed to present any new facts that would permit this court to conclude that the viatical settlements offered by LPI should be labeled as securities and thereby subject to regulation by the SEC. The facts offered by the SEC remain insufficient to demonstrate that the investor's expectations of profits predom-

inantly depend upon "the efforts of others." Thus, according to the Supreme Court's holding *Howey* as construed by the Court of Appeals, the SEC's amended complaint is properly characterized as futile.

In its July 1996 opinion, the Court of Appeals examined the final prong of the *Howey* test in great detail. The Court concluded that each of the three versions of LPI's investment program failed to meet the standard set forth in the final prong of *Howey*— that the expectation of profits depended upon the efforts of others. Of particular relevance is the fact that the Court of Appeals considered facts that are nearly identical to the those presented by the SEC in its present motion to amend its initial complaint.

In Version I, LPI and not the investor appeared as the owner of record of the insurance policy. The Court of Appeals recognized that LPI's ownership gave it the ability to change the party designated as the beneficiary and even to substitute itself as the beneficiary. Despite the fact that this record ownership closely tied the fortunes of the investors to those of LPI, the Court of Appeals concluded that these facts failed to establish an association between the profits of the investors and the "efforts" of LPI. In the instant case, the SEC asserts that LPI has threatened to appropriate and subsequently sell the investor's interest to another party if the investors fail to make certain pro rata premium payments. Moreover, the SEC contends that by requiring the investors to make these premium payments, LPI has contradicted the express terms of its transaction forms. These facts fail to carry the day for the SEC. A consideration of the language included in the Court of Appeals' opinion demonstrates this point. In rejecting the SEC's argument that LPI's actions in Version I constituted "efforts of others" for purposes of *Howey*, the Court of Appeals commented:

> Only if LPI misappropriated the investors' funds, or failed to perform its post-purchase ministerial functions, would it affect the investors' profits. Such a possibility provides no basis upon which to distinguish securities from nonsecurities. The promoter's "efforts" not to engage in criminal

or tortious behavior, or not to breach its contract are not the sort of entrepreneurial exertions that the *Howey* Court had in mind when it referred to profits arising from "the efforts of others."

*Life Partners,* 87 F.3d at 545.

The SEC's motion also appears to present the argument that the paying of premiums by LPI in the manner described above constitutes "the efforts of others" under *Howey.* However, in its consideration of Version II offered by LPI, the Court, of Appeals rejected the argument that the payment of premiums by a promoter could satisfy the third prong of *Howey.* The Court noted that LPI offered various post-purchase services including "holding the policy, monitoring insured's health, *paying premiums,* converting a group policy into an individual policy where required, filing the death claim, collecting and distributing the death benefit (if requested), and assisting an investor who might wish to resell his interest." *Life Partners,* 87 F.3d at 545 (emphasis added). Over the objections of the SEC, the Court of Appeals characterized these post-purchase services, including the paying of premiums, as ministerial in nature, and this court is not free to revisit this determination.

Additional language in the opinion of the Court of Appeals provides further support for denying the SEC's motion. After fully examining each of the three versions presented by LPI, the Court of Appeals reached the following conclusion:

> In sum, the SEC has not, identified any significant nonministerial services that LPI [ ] performs for investors once they have purchased their fractional interests in a viatical settlement. Nor do we find that any of the ministerial functions have a material impact upon the profits of the investors.

*Id.* at 546. In its present motion, the SEC has simply repackaged arguments under the label of "new facts" that have been previously rejected by the Court of Appeals. Therefore, it is this court's conclusion that the motion to amend the initial complaint would be futile under *Howey* as interpreted by the Court of Appeals and the SEC's motion is denied.

### B. *Life Partners' Motion to Dismiss*

■ Having concluded that the SEC's motion to amend would be futile, the court may turn its attention to LPI's motion to dismiss. In its opinion, the Court of Appeals ultimately reached the conclusion that "LPI's contracts are not securities subject to the federal securities laws ..." *Life Partners,* 87 F.3d at 538. On this basis, LPI has moved to dismiss this case on the alternative grounds of either lack of jurisdiction or lack of substantive merit.

■ LPI has characterized its motion as a Renewed Motion to Dismiss and Suggestion that Subject Matter Jurisdiction is Absent. The manner in which LPI has described its motion suggests that LPI intended to move for dismissal pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In a situation such as the one presently before the court, where the existence of a "security" for purposes of the 1933 Act is contested, dismissal for lack of subject matter jurisdiction is inappropriate. *See, e.g., Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 239 (4th Cir.1988). When a court is initially presented with the question of whether the transaction at issue is a security under federal securities laws, as this court was, this question relates to the merits of the claim. The court should accept jurisdiction and deal with the objection presented as an attack on the merits. *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1347 (5th Cir.1985); *Mason v. Unkeless,* 618 F.2d 597, 598–99 (9th Cir. 1980). Therefore, the court must proceed to consider the motion as a motion for dismissal for failure to state a claim rather than a motion for dismissal for lack of jurisdiction. Due to the protracted nature of this case and the fact that the parties have referred to matters outside the pleadings, the instant motion and suggestion filed by LPI are properly characterized as a motion for summary judgment. *See* Fed. P. Civ. P. 12(b).

■ Summary judgment is appropriate where the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed.R.Civ.P. 56(c). In the instant case, the SEC alleged that LPI violated various federal securities laws which make it unlawful to use fraudulent practices and misrepresentations or omissions in connection with the offer, sale, or purchase of any security. The Court of Appeals concluded that the viatical settlements offered by LPI do not constitute securities for purposes of the federal securities laws. *Life Partners*, 87 F.3d at 538 ("[W]e conclude that LPI's contracts are not: securities subject to the federal securities laws ...."). Moreover, in its motion to amend its initial complaint, the SEC has failed to allege any additional facts calling this conclusion into question. Thus, the SEC is unable to demonstrate that a triable issue of fact exists and summary judgment must be granted for LPI.

### III. *Conclusion*

For the reasons stated above, plaintiff's motion to amend their complaint is denied and defendants' motion for summary judgement is hereby granted, dismissing this action with prejudice.

SO ORDERED.