# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11817
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2017

Lyle W. Cayce
Clerk

VIRGINIA T. DUNN,

      Plaintiff - Appellee

v.

BRADLEY B. MILLER,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3213

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

In 2013, Virginia Dunn filed a petition for divorce from Bradley Miller. An agreed judgment was entered in 2014, but thereafter, Dunn filed an application in state court seeking to modify child custody arrangements. After a 2016 trial regarding same, Miller filed a notice of removal to a federal district court citing, among other statutes, 28 U.S.C. § 1443 in support. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11817

court concluded that it lacked removal jurisdiction and remanded the case to state court.  Miller appeals.

At the outset, we must limit our decision to the only matter over which we have appellate jurisdiction:  whether 28 U.S.C. § 1443 provides removal jurisdiction over this case.  28 U.S.C. § 1447(d).  We lack jurisdiction over any other potential grounds for federal jurisdiction, including any potential jurisdiction over a lawsuit filed under a federal statute; to the extent the appeal relates to any such grounds, we dismiss for want of jurisdiction.

The Supreme Court has construed the "equal civil rights" language of 28 U.S.C. § 1443 to be limited to those rights grounded in racial equality.  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *see also Peltier v. Peltier*, 548 F.2d 1083, 1084 (1st Cir. 1977); *Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir. 1978); *Robertson v. Ball*, 534 F.2d 63, 66 (5th Cir. 1976); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005); *Jimenez v. Wizel*, 644 F. App'x 868, 870 (11th Cir.), *cert. denied*, 137 S. Ct. 203 (2016).  Miller makes no such claim.  Accordingly, the district court lacked jurisdiction over this removed action under § 1443.

AFFIRMED in part; DISMISSED in part.